UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| Luke Benning,<br>    *Plaintiff*,<br><br>v.<br><br>The Corporation of Marlboro College<br>d/b/a Marlboro College,<br>    *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>    Docket No. 2:14-cv-71 |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Luke Benning, by and through his undersigned counsel, herein recites as follows:

### Introduction

1.    Plaintiff Luke Benning was a student in good standing at Marlboro College until he was arbitrarily and capriciously expelled in a decision rendered by the Dean's Advisory Committee and delivered to Plaintiff on December 3, 2013.

2.    Plaintiff brings this action to obtain damages and equitable relief to remedy, among other things, the breach of contract, breach of covenant of good faith and fair dealing, and defamation by Defendant in connection with his arbitrary and capricious expulsion. As more fully set forth below, Defendant The Corporation of Marlboro College ("Marlboro") harmed Plaintiff by, among other things, (a) arbitrarily and capriciously expelling Plaintiff from the college without giving adequate weight to exculpatory evidence; (b) violating the Plaintiff's right to confidentiality during the investigation and disciplinary proceedings; and (c) recklessly and/or maliciously publishing defamatory statements about the Plaintiff to the Marlboro College student body, resulting in emotional and psychological harm to the Plaintiff.

3.    As a result of these wrongful acts, Defendant is liable to Plaintiff for all resulting losses, including all expenses incurred during Plaintiff's dismissal from campus as well as damages for defamation. In addition, Plaintiff seeks specific performance of his contract with Marlboro as

well as equitable relief in the form of an injunction requiring Defendant to reinstate Plaintiff as a student in good standing, and to enjoin Defendant from stating that Plaintiff engaged in any alleged wrongdoing that led to his dismissal from the College.

### Parties

4. Plaintiff Luke Benning is a resident of California.

5. Defendant The Corporation of Marlboro College d/b/a Marlboro College is a liberal arts college and a domestic non-profit corporation located in Marlboro, Vermont.

### Jurisdiction and Venue

6. This Court has jurisdiction over the subject matter of this action and the parties hereto pursuant to 28 U.S.C. § 1332(a), as complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Marlboro College is located in Vermont and is subject to the personal jurisdiction of this Court. In addition, the events and omissions giving rise to the claims in this action occurred in this district.

### Facts

8. At the time of his expulsion, Plaintiff was in his junior year at Marlboro College, where he has greatly enjoyed the education he has received and the friendships he has made.

9. As a student at Marlboro, Plaintiff had a reputation for being a caring and helpful individual. He was known to befriend many students who struggled with personal issues and who felt overlooked by their peers.

10. Prior to the incidences that led to this litigation, Plaintiff had a stellar record and a reputation on campus for being a good person of strong moral character.

11. During the 2011-2012 academic year, Plaintiff and another student began a romantic relationship.

12. During summer vacation, Plaintiff and the other student spent time together with the other student's family at her home in Massachusetts. Upon his arrival, she introduced Plaintiff to her mother as her "boyfriend", despite Plaintiff's lack of comfort with the pace at which she was advancing their relationship.

13. While at her family home, she repeatedly pressured Plaintiff to perform sexual acts on her, something which Plaintiff was very uncomfortable doing.

14. Subsequent to the Plaintiff's stay at her home, the woman sent private Facebook messages to Plaintiff in which she apologized for her pressuring Plaintiff for sex and in which she informed Plaintiff of her mother's concern that he was not "sexual enough" for her daughter.

15. Additional private messages from the young woman to Plaintiff contained comments pressuring Plaintiff for sex.

16. After returning to Marlboro for the fall semester of the 2012-2013 academic year, Plaintiff and the young woman engaged in consensual physical intimacy on August 28, 2012.

17. Subsequent to the August 28 encounter, Plaintiff and the woman partook in a private exchange of messages on Facebook in which the two discussed the encounter. Plaintiff was self-conscious and timid about his performance and lack of experience, while the young woman reassured him that the encounter was "nice" and gave him suggestions on how to improve his performance before their next encounter.

18. In the following days, Plaintiff and the woman further discussed their August 28 encounter via private messages on Facebook. The woman reassured the Plaintiff of his abilities in spite of his self-consciousness, and encouraged him. In one exchange, the woman demanded more of Plaintiff's time in exchange for sexual favors.

19. Within the days immediately following the August 28 encounter, the woman and Plaintiff again engaged in consensual physical intimacy, and subsequently discussed Plaintiff's nervousness, self-consciousness, and the woman's desire for greater intimacy with Plaintiff. That discussion is

memorialized in the private Facebook messages between the woman and Plaintiff on September 1, 2012.

20. Thereafter, Plaintiff and the woman's relationship began to deteriorate. Additional private messages from Facebook show the woman stating that she loved Plaintiff, and would likely beg for his forgiveness in an attempt to make their relationship work.

21. Later the same month, in late September, 2012, the woman sent conciliatory messages to Plaintiff via Facebook in which she disclosed to him that people had made her think that he had used her and reaffirmed for Plaintiff that he was "a positive experience", "a good person", and "a really great guy".

22. During the same fall semester, Plaintiff began spending time with a friend of the woman whom he had met during the previous spring semester. Though the two interacted only as friends at first, they later developed romantic feelings and began a relationship.

23. After the woman's friend confided in her about her feelings for Plaintiff, the woman engaged in spiteful behavior toward him, composing lengthy tirades about him and publishing them on social media websites open to the public. She also made two complaints against Plaintiff with Defendant, in which she described the August 28 encounter as a sexual assault.

24. The 2012-2013 academic year concluded with the woman's first informal complaint being closed and her second formal complaint being otherwise disregarded or deemed unworthy of further action by Defendant.

25. Shortly after their return to Marlboro, in the fall semester of 2013-2014, the woman decided to revive her allegations against Plaintiff and resumed her formal complaint with Defendant accusing Plaintiff of sexual assault.

26. On September 30, 2013, Xenia Markowitt, Dean of Students at Marlboro College, notified Plaintiff via a letter that a complaint had been filed against him in which the woman alleged a violation of the College's Policy on Sexual Misconduct.

27. Defendant proceeded with an investigation during which college officials collected statements from the woman, witnesses, and Plaintiff. At all times during the investigation, Defendant had the full cooperation of Plaintiff, including but not limited to him granting unfettered access to all electronically-stored and time-stamped communications between the woman and Plaintiff.

28. Defendant convened a hearing before its Sexual Misconduct Panel. The Panel overlooked Plaintiff's incontrovertible exculpatory evidence and otherwise improperly considered evidence in violation of its Policy on Sexual Misconduct.

29. On November 1, 2013, Plaintiff received another letter from Xenia Markowitt, Dean of Students, informing Plaintiff of the outcome of the investigation and subsequent hearing before the Sexual Misconduct Panel.

30. The November 1 letter stated that Plaintiff had violated the Defendant's Policy on Sexual Misconduct by (1) failing to obtain effective consent from the woman; (2) "retaliate[ing]" (presumably against the complaining witness); and (3) for a pattern of sexual misconduct, and was therefore expelled from the College.

31. Subsequent to the Sexual Misconduct Panel's findings and Dean Markowitt's letter to that effect, Plaintiff filed an appeal of the Panel's decision with the Dean's Advisory Committee pursuant to Paragraph 9 of the Formal Complaint Resolution Procedure set forth in the Marlboro College Policy on Sexual Misconduct.

32. The Dean's Advisory Committee considered Plaintiff's appeal and reviewed the Panel's decision, but overlooked Plaintiff's irrefutable exculpatory evidence.

33. On December 3, 2013, Xenia Markowitt, Dean of Students, sent a letter to Plaintiff regarding the outcome. The letter stated that the Committee had found that the Panel had committed no fewer than three serious material errors in violation of Defendant's Policy on Sexual Misconduct, including considering improperly admitted evidence.

34. The December 3 letter further stated that despite these errors, the Committee was reducing Plaintiff's "suspension" from eight consecutive semesters to three, while upholding the findings that (1) Plaintiff had engaged in sexual relations without obtaining effective consent and (2) that he had engaged in retaliation against those who had complained against him.

35. Plaintiff is not entitled to re-enroll at the College after the conclusion of his "suspension". The Panel's conditions for Plaintiff's readmission, upheld on appeal to the Committee, state that Plaintiff must: (1) successfully complete "sexual-respect" training; (2) undergo counseling; (3) apply through the Dean of Faculty and the Dean of Students if and when he seeks readmission; (4) provide a transcript of his successful completion of sexual-respect training; and (5) provide a letter from a counselor documenting sufficient counseling that addresses the cause of the suspension.

36. During the course of the investigation, hearing, and appeal, Defendant received incontrovertible evidence of the young woman pressuring Plaintiff for sex, inviting him for future sexual encounters, and fondly discussing the past intimate encounter she alleged was nonconsensual.

37. Defendant, at all times throughout the investigation, hearing, and appeal had evidence, including statements from witnesses, which showed that the only time at which the woman accused Plaintiff of sexual assault was after he had begun a relationship with her former friend.

38. Any reasonable review of the evidence available to Defendant would show that the accusations and complaints made against Plaintiff were untrue and were acts of retaliation.

39. By upholding Plaintiff's expulsion in spite of overwhelming evidence of Plaintiff's innocence, Defendant has acted arbitrarily and capriciously and contrary to the edicts set forth in its own Policy on Sexual Misconduct.

40. Due to the grave accusations made against Plaintiff, which have been adopted and upheld by the Defendant in its decision to expel him, it is highly unlikely that Plaintiff will be able to complete

his education at any other institution. As such, he will need to remain at Marlboro if he is to complete his education.

41. By adopting as its own false and defamatory statements against Plaintiff and by publishing such statements to members of the college community, Defendant has caused Plaintiff loss of his good reputation and alienation from his community, as well as lasting emotional and psychological harm.

## COUNT I

### Breach of Contract by Marlboro

42. Plaintiff realleges and incorporates paragraphs 1 through 41 above as if fully recited herein.

43. The relationship between a student and his college is contractual in nature under Vermont law.

44. The terms of the contract are contained in Marlboro's brochures, course offering bulletins, and other official statements, policies, and publications.

45. Plaintiff applied to and enrolled at Marlboro in reliance on the understanding and expectation that the Defendant would adhere to its own policies and procedures.

46. Defendant is contractually bound to the promises it has made its students, including Plaintiff, in its brochures, course offering bulletins, and other official statements, policies, and publications.

47. Defendant has, by its own admission, failed to comply with its policies governing student discipline in the event of sexual misconduct, and has thereby deprived Plaintiff of his contractual rights.

48. As a direct and proximate result of Marlboro's breach, Plaintiff has suffered actual and consequential damages in excess of $75,000, the exact amount of which will be proven at trial,

including, but not limited to, irreparable reputational harm, severe emotional distress, economic injuries, and loss of educational opportunities.

49. Plaintiff further seeks punitive damages as allowed by Vermont law and all appropriate equitable relief, including specific performance, in the form of an injunction (a) requiring Marlboro to reinstate Plaintiff as a student in good standing; and (b) enjoining Defendant from representing to Plaintiff's fellow students or any member of the public that he engaged in any wrongdoing that resulted in his dismissal.

## COUNT II

### Breach of Covenant of Good Faith and Fair Dealing

50. Plaintiff realleges and incorporates paragraphs 1 through 41 above as if fully recited herein.

51. Plaintiff and defendant entered into a contract. Vermont law recognizes a contractual relationship between colleges and its students and implies a covenant of good faith and fair dealing into every contract.

52. Defendant owed Plaintiff a duty of good faith and fair dealing in performing and carrying out its contract with Plaintiff. By its acts and omissions described above, Defendant has breached its covenant of good faith and fair dealing.

53. As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff is entitled to equitable relief and injunctive relief, as well as actual, consequential, and punitive damages in excess of $75,000, the exact amount of which will be proven at trial, including, but not limited to, irreparable reputational harm, severe emotional distress, economic injuries, and loss of educational opportunities.

## COUNT III

### Defamation by Marlboro

54. Plaintiff realleges and incorporates paragraphs 1 through 41 above as if fully recited herein.

55. Defendant The Corporation of Marlboro College and its employees have made false and defamatory statements about Plaintiff, including, without limitation, that he did sexually assault a female student at Marlboro College.

56. Plaintiff has experienced hostile encounters with fellow students as well as Marlboro staff who were not privileged to know the facts of the pending investigation, hearing, or appeal, and whose only way of learning these privileged facts other than from the Plaintiff himself is from Marlboro employee(s) engaged in or with first-hand knowledge of the proceedings.

57. Defendant knew that these statements about Plaintiff were false and/or it made these statements with reckless disregard for their truth.

58. Defendant, by disseminating false and defamatory statements within the college community, acted maliciously, with reckless disregard for Plaintiff's rights and with the intention of causing him harm.

59. The false and misleading statements made by Marlboro employees harmed and will continue to harm Plaintiff's personal and professional reputation, injure his character, and lower his reputation in the estimation of the community, and are therefore defamatory.

60. These false and misleading statements, now memorialized in Plaintiff's educational record, will necessarily be re-published at any time Plaintiff applies to another educational institution, place of employment, or any other program or endeavor which requires production of his academic and disciplinary records.

61. As a direct and proximate result of Defendant's defamation, Plaintiff is entitled to equitable relief and injunctive relief, as well as actual, consequential, and punitive damages in excess of $75,000, the exact amount of which will be proven at trial, including, but not limited to, irreparable

reputational harm, severe emotional distress, economic injuries, and loss of educational opportunities.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in his favor for the following relief:

A.  Order Defendant to reinstate Plaintiff as a student in good standing and enjoin Defendant from representing that Plaintiff engaged in any wrongdoing that resulted in his dismissal from Marlboro;

B.  An award of damages against Defendant in an amount to be determined at trial;

C.  Temporary and permanent equitable and injunctive relief as deemed appropriate;

D.  An award of costs, disbursements, attorneys' fees and prejudgment interest, as permitted by Vermont law;

E.  An award of punitive damages, as permitted under Vermont law; and

F.  Such other and further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

DATED at Brattleboro, County of Windham and State of Vermont, this 15th day of April, 2014.

Respectfully submitted by

Theodore C. Kramer, Esq.
Kramer Law Offices, P.C.
42 Park Place
Brattleboro, VT 05301
(802) 257-2221
(802) 257-2373 Facsimile
tck@kramerlawoffices.net

For Plaintiff