UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| LUKE BENNING,<br>　　　Plaintiff,<br><br>v.<br><br>THE CORPORATION OF<br>MARLBORO COLLEGE d/b/a<br>MARLBORO COLLEGE<br>　　　Defendant. | Docket No.: 2:14-CV-71 |

## DEFENDANT'S MOTION TO DISMISS

Defendant, The Corporation of Marlboro College d/b/a Marlboro College ("Marlboro") by and through its attorneys, Primmer Piper Eggleston & Cramer P.C., hereby moves, pursuant to Fed. R. Civ. P. 12 (b)(1) and 12(b)(6), that Plaintiff's Complaint be dismissed. Specifically, this Court lacks subject matter jurisdiction over this diversity action because the amount in controversy does not meet the statutory $75,000 minimum. In addition, Plaintiff has failed to state a claim for defamation upon which relief can be granted. In support of its Motion, Marlboro states the following:

## PLAINTIFF'S ALLEGATIONS

In this diversity case, Plaintiff Luke Benning ("Benning") has sued Marlboro for breach of contract, breach of implied covenant of good faith and fair dealing and defamation. Plaintiff's claims arise from his three semester suspension as a student at Marlboro for sexual misconduct. Plaintiff seeks injunctive relief requiring Marlboro to immediately reinstate him and damages in connection with his suspension. Benning's December 2013 suspension followed an investigation of the claims against him, a hearing by a disciplinary panel charged with enforcing Marlboro's sexual misconduct policy, and an appeal of the findings reached by the panel. Plaintiff alleges

1

that Marlboro breach contractual duties to him by failing to comply with student discipline policies and that Marlboro defamed him by making statements that he sexually assaulted another student at Marlboro.

## ARGUMENT

### A. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE AMOUNT IN CONTROVERSY IS LESS THAN $75,000

To invoke diversity jurisdiction under 28 U.S.C. § 1332, it must appear "to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Palmermo v. Fid. & Guar. Ins. Co.*, 1:08-CV-218, 2009 WL 88340 (D. Vt. Jan. 12, 2009), citing *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994). The amount in controversy is evaluated on the basis of the pleadings. *Id.* "A plaintiff's mere mention of an amount greater than $75,000 is not a magic talisman that wards off a district court's inquiry into the actual amount at issue." *Bernshteyn v. Feldman*, 04 CIV. 1774 (GEL), 2006 WL 2516514 (S.D.N.Y. Aug. 29, 2006).

To determine the amount in controversy in a claim for money damages, the starting point is the measure of damages permitted by law under the cause of action claimed. *Stengel v. Black*, 03 CIV. 0495 (GEL), 2004 WL 1933612 (S.D.N.Y. Aug. 30, 2004), citing *Lucente v. IBM*, 310 F.3d 243, 261 (2d Cir. 2000). In a breach of contract action, the measure of damages is "the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Adams v. Linblad Travel, Inc.*, 730 F.2d 89, 92 (2d Cir. 1984).

In this case, Plaintiff claims that Marlboro breached its contract with Plaintiff by failing to comply with student discipline procedures. The Vermont Supreme Court has recognized that the relationship between a student and his or her college is "contractual" in nature. *Knelman v.*

*Middlebury Coll.,* 898 F. Supp. 2d 697, 708 (D. Vt. 2012), citing *Reynolds v. Sterling Coll., Inc.,* 170 Vt. 620, 750 A.2d 1020, 1022 (2000). However, notably absent from the Complaint is any allegation demonstrating that Plaintiff has sustained damages even approaching $75,000 as a result of Marlboro's alleged contract breach. This is not a situation where a student has paid tuition but did not receive the educational services for which he paid. On the contrary, Plaintiff paid no tuition after the fall semester in 2013 which he was allowed to complete. In fact, Plaintiff has a balance due to Marlboro in the amount of $3511.31 for services rendered prior to his suspension. As a result, Plaintiff has not demonstrated a reasonable probability that Marlboro's alleged breach of disciplinary rules has caused Plaintiff to incur damages in excess of $75,000.

In addition, where, as here, injunctive relief is sought, the Court must determine whether the value thereof "is sufficiently measurable and certain to satisfy the [$75,000] amount in controversy requirement of the diversity statute". *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Electronics, Inc.,* 120 F.3d 216, 221 (11th Cir. 1997). Jurisdiction will not exist if the value of the requested relief is "too speculative and immeasurable to satisfy the amount in controversy requirement". *Id.* at 221-222. The "value to the plaintiff of the object or right sought to be enforced" must exceed the requisite jurisdictional amount. *Vraney v. Cnty. of Pinellas,* 250 F.2d 617, 618 (5th Cir. 1958). *See also Foschi by Foschi v. U.S. Swimming, Inc.,* 916 F. Supp. 232, 234 (E.D.N.Y. 1996) (holding that jurisdictional amount requirement was not met where plaintiff was suspended from competitive swimming and sought injunctive relief); *Harding v. U.S. Figure Skating Ass'n,* 851 F. Supp. 1476, 1479 (D. Or. 1994), *vacated on other grounds,* 879 F.Supp. 1053 (D. Or. 1995) ("[C]ourts should rightly hesitate before intervening in disciplinary hearings held by private associations").

The Complaint in this case contains no allegation as to how the value of the requested relief, a judicial order that Plaintiff be reinstated as a student at Marlboro, exceeds $75,000. Because any such value is "speculative and immeasurable", Plaintiff has failed to adequately allege that the amount in controversy exceeds $75,000. Accordingly, neither Plaintiff's breach of contract claims[1] nor his request for judicial reinstatement is sufficient to meet the $75,000 minimum jurisdictional amount.

### B. PLAINTFF HAS FAILED TO STATE A CLAIM FOR DEFAMATION

Under Vermont law, the elements of a defamation claim are: (1) "a false and defamatory statement concerning another"; (2) "some negligence, or greater fault, in publishing the statement"; (3) "publication to at least one third person"; (4) "lack of privilege in the publication"; (5) "special damages, unless actionable per se"; and (6) "some actual harm so as to warrant compensatory damages." *Knelman v. Middlebury Coll.*, 898 F. Supp. 2d at 720. In this case, Plaintiff's defamation claim fails as a matter of law because the Complaint does not adequately specify the allegedly defamatory statements, Plaintiff has failed to adequately allege publication and even if such publication occurred, it was privileged.

Plaintiff alleges that Marlboro "made false and defamatory statements about Plaintiff ... that he did sexually assault a female student". Complaint, ¶ 55. However, Plaintiff has failed to identify the individual agent of Marlboro who made such alleged statements, to whom the statements were made, or when. Such detail is required in order adequately allege a claim for defamation. *S. Volkswagen, Inc. v. Centrix Fin.*, LLC, 357 F. Supp. 2d 837, 844 (D. Md. 2005)

---

[1] Plaintiff has also failed to allege damages "with sufficient particularity to demonstrate a good faith basis for a claim for defamation that exceeds $75,000." *S. Volkswagen, Inc. v. Centrix Fin., LLC*, 357 F. Supp. 2d 837, 844 (D. Md. 2005). However, as set forth below, Plaintiff has failed to state a claim for defamation so the amount in controversy is moot with respect to Plaintiff's defamation claim.

(defamation count must include averments which, at a minimum, include (1) the identity of the maker of the defamatory statement; (2) the exact content of the defamatory statement; (3) the date on which the defamatory statement was made; (4) the persons to whom the defamatory statement was communicated; and (5) an averment of damages made with sufficient particularity to demonstrate a good faith basis for a claim for defamation that exceeds $75,000).

Plaintiff also claims that the allegedly false statements will necessarily be "re-published" when Plaintiff applies to another school or seeks employment. Complaint, ¶ 60. However, to the extent this occurs, it will be the result of *Plaintiff* responding to questions from schools or employers as to whether disciplinary action has been taken against him in the past. The requirement of publication is not met "when a defendant publishes a statement directly to a plaintiff, even if the plaintiff then publishes the statement to a third party." *Knelman,* 898 F. Supp. 2d at 723-24, citing Restatement (Second) of Torts § 577, Comment M ("[o]ne who communicates defamatory matter directly to the defamed person, who himself communicates it to a third party, has not published the matter to the third person if there are no other circumstances"). Even if Plaintiff were compelled to publish such statements, such conduct does not satisfy the publication element because Vermont does not recognize the concept of compelled self-publication. *Id.* at 724. See *DeLeon v. Saint Joseph Hosp. Inc.,* 871 F.2d 1229, 1237 (4th Cir.1989) (refusing to adopt self-publication doctrine because "otherwise, the theory of self-publication might visit liability for defamation on every ... employer each time a job applicant is rejected.").

Finally, even if Plaintiff's allegations meet the publication requirement, his defamation claim still fails as a matter of law because any statements by Marlboro to members of the college community concerning the fact that Plaintiff had sexually assaulted another student were

privileged.[2] Members of the college community had a right to know if Plaintiff constituted a threat to the community. Restatement (Second) of Torts § 596 (1977) ("An occasion makes a publication conditionally privileged if the circumstances lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that there is information that another sharing the common interest is entitled to know"). Communications amongst members a non-profit institution (such as Marlboro) are privileged insofar as they relate to "alleged misconduct of some other member that makes him undesirable for continued membership." Comment E to § 596. *See Stark v. Zeta Phi Beta Sorority, Inc.,* 587 F. Supp. 2d 170, 173 (D.D.C. 2008) (sorority's letter to members concerning its perspective on reasons plaintiff member was expelled held to be privileged and not defamatory); *Vargo v. Hunt,* 398 Pa. Super. 600, 581 A.2d 625 (1990) (communications between administration and student concerning plaintiff's violation of honors code privileged because college community had a common interest in maintaining honesty in the classroom). Likewise, Marlboro and its students have a common interest in maintaining a safe environment free from the risk of sexual assault, and Marlboro was entitled to communicate with its students about Plaintiff's "misconduct" which "makes him undesirable for continued membership" in the Marlboro College community.

WHEREFORE, for the reasons set forth above, Defendant, The Corporation of Marlboro College d/b/a Marlboro College, respectfully requests that Plaintiff's Complaint be dismissed.

Dated at Montpelier, Vermont this 2nd day of May, 2014

          THE CORPORATION OF
          MARLBORO COLLEGE d/b/a
          MARLBORO COLLEGE

      By:   /s/ Jeffrey S. Marlin
          Jeffrey S. Marlin, Esq.

---

[2] Marlboro denies making any false or defamatory statements concerning Plaintiff. This argument assumes the truth of Plaintiff's allegations as required in the context of a motion to dismiss.

Primmer Piper Eggleston & Cramer PC
P.O. Box 1309
Montpelier, VT  05601-1309
(802) 223-2102