UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| LUKE BENNING, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 2:14-CV-71 |
| | ) | |
| THE CORPORATION OF | ) | |
| MARLBORO COLLEGE d/b/a | ) | |
| MARLBORO COLLEGE | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED LEAVE TO TAKE DEPOSITIONS AND MOTION FOR PROTECTIVE ORDER

Defendant, The Corporation of Marlboro College d/b/a Marlboro College ("Marlboro") by and through its attorneys, Primmer Piper Eggleston & Cramer P.C., hereby opposes Plaintiff Luke Benning's ("Benning") Motion for Leave to Take Expedited Depositions. Marlboro also hereby moves pursuant to Fed. R. Civ. P. Rule 26 (c) that the Court enter a protective order preventing Plaintiff from questioning members of the Sexual Misconduct Disciplinary Panel ("Panel") and the Dean's Advisory Committee ("Committee") concerning the contents of the deliberative process undertaken by those bodies if and when depositions of members of those panels are taken. In support of its Opposition and Motion, Marlboro states the following:

1. In this diversity case, Plaintiff Luke Benning ("Benning") has sued Marlboro for breach of contract, breach of implied covenant of good faith and fair dealing and defamation. Plaintiff's claims arise from his three semester suspension as a student at Marlboro for sexual misconduct. Plaintiff seeks injunctive relief requiring Marlboro to immediately reinstate him and damages in connection with his suspension. Benning's December 2013 suspension followed an investigation of the claims against him, a hearing by a

1

disciplinary panel charged with enforcing Marlboro's sexual misconduct policy, and an appeal of the findings reached by the panel. Plaintiff alleges that Marlboro breach contractual duties to him by failing to comply with student discipline policies and that Marlboro defamed him by making statements that he sexually assaulted another student at Marlboro. Plaintiff has noticed depositions of 15 individuals, including all members of the Panel which imposed the initial eight semester suspension on Plaintiff, and the Committee, which functioned as an Appeal Board and reduced the sanction to a three semester suspension.

2. Marlboro was served with the Complaint on April 15, 2014. Contemporaneously herewith, Marlboro is filing a Motion to Dismiss the Complaint. As part of that Motion, Marlboro has argued that this Court lacks subject matter jurisdiction over this case because the amount in controversy does not exceed the statutory minimum of $75,000 required by 28 U.S.C. § 1332.[1] Because Marlboro disputes this Court's jurisdiction, Plaintiff should not be permitted to engage in discovery until the Court rules on Marlboro's Motion to Dismiss.

3. Counsel for the parties have not yet conferred concerning the required discovery conference pursuant to Fed. R. Civ. P. Rule 26(f), and therefore discovery is not permitted at this stage of the proceedings. Fed. R. Civ. P. Rule 26(d)(1).

4. In addition, 12 of the 15 witnesses Plaintiff wishes to depose will be returning to Marlboro either over the summer or in the fall and therefore there is no emergent need to have them deposed in an expedited manner. The only requested witnesses without plans to return to campus are three graduating seniors, Lindsey Rundlett, Casey Chalbeck and

---

[1] In its Motion to Dismiss, Marlboro has also argued that Plaintiff has failed to state a claim for defamation upon which relief can be granted.

Patrick Magee.   Therefore, in the event the Court allows any expedited discovery, it should be limited to the depositions of these three individuals.

5. If and when the members of the Panel and/or Committee are deposed in this case, Plaintiff should not be permitted to inquire as to the process by which they reached their decisions, as the members' decision making process and their mental impressions of evidence are protected by the deliberative process privilege. *See Hopkins v. H.U.D.,* 929 F.2d 81, 84 (2d Cir. 1991) (The deliberative process privilege "protects the decisionmaking processes of the executive branch in order to safeguard the quality and integrity of governmental decisions"). Although the Panel and Committee are not government entities, the privilege should be applied to this case because, like public entities, Marlboro's governance structure requires a free flow of information amongst the decision makers, and this free flow would be constrained if these communications had the potential to be revealed outside the decision making process itself. *See New York City Managerial Employee Ass'n v. Dinkins,* 807 F.Supp. 955, 957 (S.D.N.Y. 1992) (deliberative process privilege applies to communications that are (1) predecisional and (2) deliberative, i.e., "indicative of the thought processes" of decision makers).

6. Permitting Panel and Committee members to be questioned concerning their decision making process after the fact will also have a significant chilling effect on the ability of such bodies to engage in the type of robust debate necessary to ensure an efficient and fair decision making process. *Ad Hoc Metals Coalition v. Whitman,* 227 F.Supp.2d 134, 143 (D.D.C. 2002) (disclosure of internal agency deliberations could hinder candid and creative exchanges regarding proposed decisions and alternatives, which might, because

of the chilling effect on open discussion within agencies, lead to an overall decrease in the quality of decisions").

7. Finally, in this case, disciplinary decisions were issued following consideration of evidence by the Panel and Committee. The focus of judicial review of those decisions should be on the "stated reasons not the predecisional process that led up to the final articulated decision." *Id.* Accordingly, Plaintiff is not entitled to question members of the Panel and Committee concerning how they reached their respective decisions and any such inquiry should be precluded.

WHEREFORE, for the reasons set forth above, Defendant, The Corporation of Marlboro College d/b/a Marlboro College, respectfully requests that Plaintiff's Motion for Leave to Take Expedited Depositions be denied, and that the Court issue a protective order preventing Plaintiff from questioning members of the Sexual Misconduct Disciplinary Panel and the Dean's Advisory Committee concerning the contents of the deliberative process undertaken by those bodies if and when depositions of members of those panels are taken.

Dated at Montpelier, Vermont this 2nd day of May, 2014

THE CORPORATION OF
MARLBORO COLLEGE d/b/a
MARLBORO COLLEGE

By:    /s/ Jeffrey S. Marlin
       Jeffrey S. Marlin, Esq.
       Primmer Piper Eggleston & Cramer PC
       P.O. Box 1309
       Montpelier, VT  05601-1309
       (802) 223-2102
