UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| LUKE BENNING, )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>THE CORPORATION OF )<br>MARLBORO COLLEGE d/b/a )<br>MARLBORO COLLEGE )<br>       Defendant. ) | Docket No.: 2:14-CV-71 |

## **DEFENDANT'S REPLY MEMORANDUM IS SUPPORT OF ITS MOTION TO DISMISS**

Defendant, The Corporation of Marlboro College d/b/a Marlboro College ("Marlboro") by and through its attorneys, Primmer Piper Eggleston & Cramer P.C., hereby submits the following Reply Memorandum in support of its Motion to Dismiss. In further support of its Motion, Defendant states the following:

1. In his Opposition, Plaintiff's has failed to demonstrate that the amount in controversy exceeds the $75,000 statutory minimum. Plaintiff has not alleged contract damages that even approach this threshold. The Court should reject Plaintiff's argument that the cost of attending Marlboro College is a measure of his alleged damages. Plaintiff paid no tuition after the fall semester in 2013 which he was allowed to complete. Although it may cost approximately $72,000 to attend the College for three semesters, Plaintiff has not paid this money and therefore cannot rely on this cost as a measure of damages. If Plaintiff does not return to the College, he will not incur this expense, and therefore cannot claim damages based on the loss of an alleged right *to pay* $72,000.

2. Moreover, Plaintiff is seeking injunctive relief compelling the College to allow Plaintiff to return as a student. The question before the Court is therefore whether the value of

1

such injunctive relief is "too speculative and immeasurable to satisfy the amount in controversy requirement". *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Electronics, Inc.,* 120 F.3d 216, 221-222 (11th Cir. 1997). The Complaint in this case contains no allegation as to how the value of the requested relief, a judicial order that Plaintiff be reinstated as a student at Marlboro, exceeds $75,000. Again, merely claiming the right to pay tuition is a not a valid measure of value. As a result, Plaintiff has failed to demonstrate that the amount in controversy is sufficient to satisfy the jurisdictional minimum for a diversity case.

3. Nor has Plaintiff alleged damages "with sufficient particularity to demonstrate a good faith basis for a claim for defamation that exceeds $75,000." *S. Volkswagen, Inc. v. Centrix Fin., LLC,* 357 F. Supp. 2d 837, 844 (D. Md. 2005). Neither Plaintiff's breach of contract claims nor his defamation claims demonstrate that the amount in controversy exceeds $75,000. "A plaintiff's mere mention of an amount greater than $75,000 is not a magic talisman that wards off a district court's inquiry into the actual amount at issue." *Bernshteyn v. Feldman,* 04 CIV. 1774 (GEL), 2006 WL 2516514 (S.D.N.Y. Aug. 29, 2006). Accordingly, the Complaint should be dismissed.

4. Furthermore, Plaintiff's defamation claim fails to state a claim upon which relief can be granted because it is based on the vague allegation that Plaintiff had hostile encounters with other unnamed members of the Marlboro community whom he assumes learned that Plaintiff had been accused of sexual misconduct from other unnamed sources at unnamed times. *See* Complaint, ¶56. This is insufficient. The cases Plaintiff cites in support of his defamation claim reveal that a complaint must allege 1) who made the allegedly

defamatory statements; and 2) when the statements were made, even when the allegations are analyzed using a notice pleading standard under V.R.C.P. Rule 8.

5. In *Roskos v. Sugarloaf Twp.,* 295 F. Supp. 2d 480, 492 (M.D. Pa. 2003), the Court ruled that notice of the claim was sufficient where the complaint identified an individual defendant as the speaker of the allegedly defamatory statement and indicated when the statement had allegedly been made (at a magisterial hearing). *Id.* at 492. That is not the case here. Plaintiff has neither identified the individuals who made allegedly false statements about Plaintiff nor alleged when the defamatory statements occurred. Under these circumstances, even with notice pleading, Plaintiff cannot state a claim for defamation. *See Jackson v. Pocono Mountain Sch. Dist.,* 3:10-CV-1171-ARC, 2010 WL 4867615 (M.D. Pa. Nov. 23, 2010) aff'd in (relevant) part, rev'd in part sub nom. *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.,* 442 F. App'x 681 (3d Cir. 2011) (dismissing defamation claims where complaint failed to identify "who made the statements, when they were made, or where they were made").

6. *Bishop v. Costa,* 495 F. Supp. 2d 139, 141 (D. Me. 2007), also cited by Plaintiff, is consistent with this requirement. Although the Court in that case acknowledged that V.R.C.P. Rule 8 applied to defamation claims, it allowed a defamation claim to proceed only where the plaintiff provided specific notice as to *when and to whom* the allegedly defamatory statements were made: "on or about January 25, 2007, Defendants caused to be published to … the Defense Security Service …"

7. *Geisler v. Petrocelli,* 616 F.2d 636, 637 (2d Cir. 1980), is also consistent with a requirement that identity of the speaker and timing of the allegedly defamatory statements be disclosed in order to satisfy notice pleading requirements. In that case, the

defamation claim arose from the publication of a book. The author and publisher were sued for statements made in the book. Thus, it was clear who made the statements and when. Likewise, the defamation claim in *Pasqualini v. MortgageIT, Inc.,* 498 F. Supp. 2d 659, 664 n.3 (S.D.N.Y. 2007), arose from allegedly defamatory statements made on a specific date by a named individual defendant to an identified prospective employer of the plaintiff.

8. In contrast, the Complaint in this case merely alleges false statements *from unnamed sources at unnamed times.* See Complaint, ¶56. Even under the relaxed pleading standards of Rule 8, Plaintiff's Complaint fails to provide sufficient notice of the defamation claim to Defendant and therefore that claim should be dismissed.

WHEREFORE, for the reasons set forth above and its original Motion to Dismiss, Defendant, The Corporation of Marlboro College d/b/a Marlboro College, respectfully requests that Plaintiff's Complaint be dismissed.

Dated at Montpelier, Vermont this 9th day of May, 2014

                                          THE CORPORATION OF
                                          MARLBORO COLLEGE d/b/a
                                          MARLBORO COLLEGE

By:    /s/ Jeffrey S. Marlin
          Jeffrey S. Marlin, Esq.
          Primmer Piper Eggleston & Cramer PC
          P.O. Box 1309
          Montpelier, VT  05601-1309
          (802) 223-2102