UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

|  |  |
|---|---|
| Luke Benning, ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Docket No.: 2:14-cv-71 |
| ) | |
| The Corporation of Marlboro College d/b/a ) | |
| Marlboro College, ) | |
|     *Defendant*. ) | |

### PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED LEAVE TO TAKE DEPOSITIONS AND OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

NOW COMES the Plaintiff, by and through his attorneys, Kramer Law Offices, P.C., and respectfully replies to Defendant's Opposition to Plaintiff's Motion for Expedited Leave to Take Depositions and opposes Defendant's Motion for Protective Order. In support of its Reply and Opposition, Plaintiff recites as follows:

1. In this diversity case, Plaintiff Luke Benning has sued Marlboro College for breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation. Defendant wrongfully expelled Plaintiff from Marlboro College after a disciplinary process during which Defendant arbitrarily and capriciously ignored irrefutable exculpatory evidence. Defendant caused further harm to Plaintiff by disseminating false information about him across the college community with reckless disregard for the truth of the information. Plaintiff's claims arise from these events.

2. The defendant has requested that this Court stay discovery, which a United States District Court may do, "where resolution of a preliminary matter may dispose of the entire case". *Complaint of Akropan Shipping Corp.*, 1990 WL 16097, 2 (S.D.N.Y.1990) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987). Furthermore, a challenge to that court's jurisdiction is appropriate exercise of that discretion. See *Id.* at 2 (citing *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*,

124 F.R.D. 652, 653 (D.Nev.1989)). However, the party moving for the stay, in this case the Defendant, has the burden of showing "good cause" and must set forth "a particularized showing of facts militating in favor of the stay". *Id.* at 2 (citing *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y.1985)). The only fact Defendant has set forth is the mere fact that it "disputes this Court's jurisdiction" and has therefore filed a motion to dismiss. Defendant's motion ¶ 2. Defendant has not shown good cause for why this Court should stay discovery and has further neglected to set forth any facts whatsoever in favor of its request, and has therefore failed to meet its burden. Plaintiff is concerned that the true motive is to delay the proceedings to allow the proposed deponents to leave the campus before Plaintiff has the opportunity to depose them.

3. Defendant has represented in its motion that Fed. R. Civ. P. 26(d)(1) places an outright ban on discovery prior to counsel for the parties conferring pursuant to Fed. R. Civ. P. 26(f). Defendant's motion ¶ 3. This is false and ignores the plain language of the Rule: a party may seek discovery from any source before the parties have conferred as required by Rule 26(f) *if* the party has been authorized to do so by court order. F.R.C.P. 26(d)(1) (emphasis added). Plaintiff has attempted to secure the necessary discovery by agreement and has been unable to accomplish a consensus that would have avoided the delay necessitated by requesting that the Court intervene. The Plaintiff has already shown that expedited discovery "should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time". Plaintiff's Motion ¶ 10 (citing *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Helio Import/Export, Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983)). Furthermore, district courts in this circuit have already set forth criteria for requests for expedited discovery. *Gidatex, SrL v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 420 (citing *Lentjes Bischoff GmbH v. Joy Environmental Technologies, Inc.*, 986 F.Supp. 183, 188 (S.D.N.Y.1997); *Irish Lesbian and Gay Org. v. Giuliani*, 918 F.Supp. 728, 730 (S.D.N.Y.1996)) "In evaluating a

request for expedited discovery, the following factors must be considered: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted". *Id.* at 420. Plaintiff has already demonstrated that (1) the irreparable injury would be in the form of crucial testimony lost due to witnesses leaving the jurisdiction indefinitely or permanently, (2) the probability of success on the merits is strong provided Plaintiff's have access to witnesses, (3) that expedited discovery, permitting Plaintiffs to depose witnesses before their departure, will prevent witnesses from leaving the jurisdiction before giving testimony, and (4) that the injury to Plaintiff (lost testimony) would be significantly greater than the injury to Defendant (having its agents travel 12.8 miles to depositions). See Plaintiff's Motion for Expedited Leave to Take Depositions. By mischaracterizing Rule 26 and failing to rebut Plaintiff's position with any law or facts, the Defendant has failed to demonstrate why Plaintiff's motion should not be granted under Fed. R. Civ. P. 26.

4. Defendant argues that if this Court grants Plaintiff's Motion for Expedited Leave to Take Depositions, it should only do so as to the three witnesses who will not be returning to the campus. Defendant's motion ¶ 4. However, Defendant has alleged no facts to suggest that returning students and faculty will be available after graduation. Defendant's 2014-2015 academic calendar clearly states that returning students do not arrive until after 9 am on September 1, 2014. If Plaintiff were not able to depose twelve out of fifteen witnesses until after September 1, discovery would be interrupted for over three full months. These unusual circumstances would unfairly prejudice Plaintiff under *Fimab-Finanziaria v. Helio*, supra, by forcing Plaintiff to wait to begin depositions until such time as key witnesses have left the state and gone beyond this Court's reach. Fed. R. Civ. P. 45(c)(1)(A).

5. The Defendant has explicitly invoked the "deliberative process" privilege, and argues that the "decision making process [of Marlboro's students, faculty, and staff] and their mental impressions of evidence" are shielded from disclosure by this privilege. The "deliberative process" privilege is codified at 5 U.S.C.A. § 552(b)(5) and, unlike the deliberations contemplated by the private college Defendant here, specifically exempts from disclosure under the Freedom of Information Act (FOIA) "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency". *Grand Cent. Partnership, Inc. v. Cuomo,* 166 F. 3d 473 (2d Cir. 1999). More commonly known as "Exemption 5" to FOIA, the deliberative process privilege is expressly designed to protect the "decision making processes of government agencies". *Freedom of Information Act Guide, Exemption 5, Deliberative Process Privilege,* 2013 WL 4500619 (D.O.J.). As the Defendant has stated, the deliberative process privilege "protect[s] the decision-making process of the executive branch in order to safeguard the quality of and integrity of governmental decisions". *Hopkins v. H.U.D.,* 929 F.2d 81, 84 (2d Cir. 1991). However, the Defendant has failed to allege any facts which would entitle it to invoke this privilege, which was drafted for the purpose of "prevent[ing] injury to the quality of agency decisions" in light of disclosure requirements imposed upon government agencies by FOIA. *Freedom of Information Act Guide,* supra, at 1 (citing *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 151 (1975)). While the Defendant recognizes that this privilege has in fact been established for use only by government entities, it is not clear from its Motion that the Defendant understands the origin, meaning, and limits of the privilege. Defendant's Motion ¶ 5. If Defendant is invoking a privilege meant to shield the thoughts and mental impressions of college students and employees, it has cited no lawful authority to support that position. Once again, the true purpose may be only to buy sufficient time to allow the deponents to leave before their testimony can be taken.

KRAMER LAW OFFICES, P.C.
42 PARK PLACE
BRATTLEBORO, VT 05301

6. Defendant is asking this Court to insulate the decision-making process of Marlboro students, staff, and professors during the disciplinary process from discovery on the basis that it could have a "chilling effect". Defendant's motion ¶ 6. However, the United States Supreme Court has already decided that a college or university cannot shield from discovery peer review materials on the basis that disclosure will have a "chilling effect" upon candid evaluations of peers. *Univ. of Penn. v. EEOC,* 492 U.S. 182, 197 (1990). In that case as in our own, the plaintiff had been subjected to review by a panel or "committee" of peers which ultimately decided the plaintiff's fate at the institution. *Id.* at 185. Citing Federal Rule of Evidence 501 and relevant precedent, the Supreme Court decided that it "cannot accept the University's invitation to create a new privilege against the disclosure of peer review materials". *Id.* at 189. Furthermore, privileges are an exception to the general rule that the public has a right to every person's evidence, and "as such, they must be strictly construed". *Trammel v. United States,* 445 U.S. 40, 50, 100 S. Ct. 906 (1980). The privilege asserted by the Defendant has been undeniably rejected by the United States Supreme Court, and therefore merits no further attention.

7. Defendant believes that because Marlboro's disciplinary decision was rendered after its students, faculty, and staff considered evidence that the Plaintiff is not entitled to inquire as to how these individuals arrived at their decision. Defendant's motion ¶ 7. Defendant suggests that the focus of judicial review "should" not be on "…the predecisional process that lead up to the final decision", and cites *Ad Hoc Metals*, a case from the District of the District of Columbia in support of that suggestion. *Id.* at 7. However, Plaintiff has alleged that the Defendant ignored incontrovertible exculpatory evidence in arriving at a final decision, and therefore discovery of the Defendant's decision-making process is crucial to Plaintiff's case. Complaint at ¶ 36. In refusing to afford a privilege for peer deliberations in a collegiate setting, the Supreme Court noted in its *University of Pennsylvania* decision, "indeed, if there is a smoking gun to be found" then "it is likely to be tucked away in peer review files". *Univ. of Penn.* at 193.

KRAMER LAW OFFICES, P.C.
42 PARK PLACE
BRATTLEBORO, VT 05301

While the Defendant's precise form of misconduct is different in this case, Plaintiff here seeks no more discovery than that which the plaintiff sought in *University of Pennsylvania*.

WHEREFORE, for the reasons set forth above, Plaintiff, Luke Benning, respectfully requests that Plaintiff's Motion for Leave to Take Expedited Depositions be granted and that Defendant's Motion for Protective Order be denied.

Dated at Brattleboro, Vermont this 8th day of May, 2014

Respectfully submitted by

_____
Theodore C. Kramer, Esq.
Kramer Law Offices, P.C.
42 Park Place
Brattleboro, VT 05301
(802) 257-2221
(802) 257-2373 Facsimile
tck@kramerlawoffices.net

For Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| Luke Benning,<br>   *Plaintiff*,<br><br>  v.<br><br>The Corporation of Marlboro College d/b/a<br>Marlboro College,<br>   *Defendant*. | Docket No.: 2:14-cv-71 |

### CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2014, I had filed with the Clerk of the Court the following documents delivered by hand:

1. PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED LEAVE TO TAKE DEPOSITIONS AND OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

2. PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

A true and exact copy of the foregoing was forwarded to the following by email and first class mail:

Jeffrey S. Marlin, Esq.
Primmer Piper Eggleston & Cramer, P.C.
100 E. State St.
Montpelier, Vermont 05601
jmarlin@primmer.com

Dated at Brattleboro, Vermont this 8th day of May, 2014

*/s/ T. Kramer*

Theodore C. Kramer, Esq.
Kramer Law Offices, P.C.
42 Park Place
Brattleboro, VT 05301
(802) 257-2221
(802) 257-2373 Facsimile
tck@kramerlawoffices.net

For Plaintiff