UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| LUKE BENNING, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 2:14-CV-71 |
| | ) | |
| THE CORPORATION OF | ) | |
| MARLBORO COLLEGE d/b/a | ) | |
| MARLBORO COLLEGE | ) | |
| Defendant. | ) | |

## **DEFENDANT'S ANSWER TO COMPLAINT**

Defendant The Corporation of Marlboro College d/b/a Marlboro College ("Marlboro"), by and through its attorneys, Primmer Piper Eggleston & Cramer, P.C., hereby answers Plaintiff's Complaint as follows:

## **INTRODUCTION**

1. Admitted that Plaintiff was a student at Marlboro and that he was suspended for violation of Marlboro's sexual misconduct policy. Otherwise denied.

2. Denied. Further responding, the allegations set forth Plaintiff's requested remedies to which no response is required. To the extent a response is required, denied.

3. Denied. Further responding, the allegations set forth Plaintiff's requested remedies to which no response is required. To the extent a response is required, denied.

## **PARTIES**

4. Marlboro is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

5. Admitted.

## JURISDICTION and VENUE

6.  Legal conclusion. No response required. To the extent a response is deemed required, denied.

7.  Legal conclusion. No response required. To the extent a response is deemed required, denied.

## FACTS

8.  Admitted that Plaintiff was suspended, not expelled, when he was a junior. Marlboro is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

9.  Marlboro is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

10. Marlboro is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

11. Marlboro is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

12. Marlboro is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

13. Marlboro is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

14. Admitted that any alleged Facebook exchanges speak for themselves. Otherwise denied.

15. Admitted that any alleged Facebook exchanges speak for themselves. Otherwise denied.

16. Marlboro is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

17. Admitted that any alleged Facebook exchanges speak for themselves. Otherwise, denied.

18. Admitted that any alleged Facebook exchanges speak for themselves. Otherwise, denied.

19. Admitted that any alleged Facebook exchanges speak for themselves. Otherwise, denied.

20. Admitted that any alleged Facebook exchanges speak for themselves. Otherwise, denied.

21. Admitted that any alleged Facebook exchanges speak for themselves. Otherwise, denied.

22. Marlboro is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

23. Admitted that complaints were made against Plaintiff. Marlboro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

24. Admitted that an informal complaint process occurred during the 2012-2013 academic year. Otherwise denied.

25. Admitted that Plaintiff was accused of sexual assault in 2013. Marlboro is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

26. Admitted that the September 30, 2013 letter speaks for itself. Otherwise denied.

27. Admitted that an investigation was conducted. Marlboro is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

28. Admitted that the Sexual Misconduct Panel held a hearing. Otherwise denied.

29. Admitted that the November 1, 2013 letter speaks for itself. Otherwise denied.

30. Admitted that the November 1, 2013 letter speaks for itself. Otherwise denied.

31. Admitted.

32. Admitted that the Dean's Advisory Committee considered Plaintiff's appeal. Otherwise, denied.

33. Admitted that the December 3, 2013 letter speaks for itself. Otherwise denied.

34. Admitted that the December 3, 2013 letter speaks for itself. Otherwise denied.

35. Admitted that the December 3, 2013 letter speaks for itself. Otherwise denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## **COUNT I**

### **Breach of Contract by Marlboro**

42. Marlboro hereby repeats and incorporates herein its responses to paragraphs 1-41 above.

43. Legal conclusion.  No response required.  To the extent a response is deemed
required, denied.

44. Legal conclusion.  No response required.  To the extent a response is deemed
required, denied.

45. Marlboro is without knowledge or information sufficient to form a belief as to the
truth of the allegations and therefore denies same.

46. Legal conclusion.  No response required.  To the extent a response is deemed
required, denied.

47. Admitted that the December 3, 2013 letter speaks for itself.  Otherwise denied.

48. Denied.

49. The allegations set forth Plaintiff's requested remedies to which no response is
required.  To the extent a response is required, denied.

## COUNT II

### Breach of Covenant of Good faith and Fair Dealing

50. Marlboro hereby repeats and incorporates herein its responses to paragraphs 1-49
above.

51. Legal conclusion.  No response required.  To the extent a response is deemed
required, denied.

52. Legal conclusion.  No response required.  To the extent a response is deemed
required, denied.

53. Denied.

Any and all allegations of Plaintiff's Complaint as presently constituted, or as hereafter
amended, not specifically admitted herein are denied.

## JURY TRIAL DEMAND

Defendant Marlboro hereby demands trial by jury.

## ADDITIONAL DEFENSES

Defendant Marlboro submits the following additional defenses without conceding that they constitute affirmative defenses for which Defendant has the burden of proof.

1.    Failure to state a claim upon which relief can be granted.

2.    Privilege.

3.    Justification.

4.    Deliberative process privilege.

5.    Defendant acted lawfully and in good faith.

6.    Intervening Cause.

7.    Waiver.

8.    Estoppel.

9.    Comparative negligence.

10.    Failure to mitigate damages.

11.    Plaintiff's claim for punitive damages is barred by the due process clauses of the Vermont and U.S. Constitutions.

12.    Plaintiff has failed to state a claim supporting the award of punitive damages under Vermont law. *Monahan v. GMC Mortgage Co.,* 197 Vt. 167 (2005); *Brueckner v. Norwich University,* 169 Vt. 118 (1999).

13.    Collateral estoppel.

14.    Res Judicata.

15.    Defendant reserves its right to assert additional defenses based on information revealed in discovery.

WHEREFORE, Defendant The Corporation of Marlboro College d/b/a Marlboro College respectfully requests that judgment be entered in its favor on all counts, together with costs, fees and such other further relief as the Court deems appropriate.

Dated at Montpelier, Vermont this 1st day of September, 2014

                                    THE CORPORATION OF
                                    MARLBORO COLLEGE d/b/a
                                    MARLBORO COLLEGE

                        By:    _/s/ Jeffrey S. Marlin_____
                                    Jeffrey S. Marlin, Esq.
                                    Primmer Piper Eggleston & Cramer PC
                                    100 East State Street
                                    P.O. Box 1309
                                    Montpelier, VT  05601-1309
                                    (802) 223-2102